Michael D, Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NOPENON DENNIS SHINE,<br><br>　　　　　Defendant. | Case No. 3:06-cr-0041-02-RRB<br><br>DEFENDANT'S BAIL RELEASE MEMORANDUM, *filed on shortened time* |

　　　　Defendant, Nopenon Dennis Shine, by and through counsel Michael Dieni, Assistant Federal Defender, requests that he be released to the twenty-four hour third-party custody of Mr. Greg Hamm, a retired State Trooper with twenty years of law enforcement experience.  In summary, the release proposal is built upon several important factors:  first, the quality of the proposed custodian; second, Mr. Shine's lack of a criminal record and third, his strong ties to the community.

　　　　Mr. Shine is currently held pursuant to the rebuttable presumption of detention that applies to all drug cases which carry a potential maximum sentence of ten years or more.  18 U.S.C. § 3124(e).  To rebut the presumption of detention, Mr. Shine is

obliged to produce some credible evidence showing that under the terms of a particularized release plan he is not a significant flight risk or danger to the community. *United States v. Alatishe*, 768 F.2d 364 (D.C. Cir. 1985); *United States v. Jessup*, 757 F.2d 378 (1st Cir. 1985); *United States v. Freitas*, 602 F. Supp. 1283 (N.D. Cal. 1985) (the Bail Reform Act shifts to a defendant only the burden of production, not burden of persuasion).

In order to produce some credible evidence, the bail statute gives the defendant a choice as to a variety of forms of evidence, ranging from proffer to live witness testimony. *United States v. Torres,* 929 F.2d 291 (7th Cir. 1991).

At the hearing, Mr. Shine will present a proposal in the form of testimony from Mr. Greg Hamm, who has volunteered to supervise Mr. Shine. As noted above, Mr. Hamm is a retired Alaska State Trooper (Fish and Wildlife division). He has been involved in hundreds of prisoner transports. He is Mr. Shine's brother-in-law. Mr. Shine would reside with Mr. Hamm in Cordova where Mr. Shine and his wife and their two adult sons reside. Mr. Hamm, though retired as a Trooper, is a relatively young man. He owns a fishing boat and commercial fishes during the summer. Mr. Shine will work with him in the maintenance of the boat, and on the boat during fishing openers. Mr. Hamm is willing to install electronic monitoring, to live by a curfew, and to co-sign an appearance bond. He has no reason to believe that Mr. Shine will be a flight risk or a danger to the community while he is in Mr. Hamm's custody.

Mr. Shine is a relatively stable member of the Alaska community. He is a journeyman welder, and in recent years has worked for several firms out of Fairbanks

doing specific jobs up on the North Slope.  He recently purchased a home in Anchorage, along with his girlfriend, Sari Bailey.

Mr. Shine's heritage should not be an issue in this case.  Though Mr. Shine is originally from Thailand, all of his significant family resides in Alaska.  His mother was a Thai citizen, but became naturalized as an American citizen when Mr. Shine was much younger.  Mr. Shine's father, John Shine, an American citizen, formally adopted the defendant when he was five years old.  The entire family, including Mr. Shine, has resided continuously in the United States since 1977.  Mr. Shine has never been back to Thailand.  He does not have a passport.  He does not speak the language.  He has lived continuously in Alaska since 1980.

There is nothing about Mr. Shine's background that makes him unstable.  He does not appear to have a debilitating drug or alcohol problem.  His only exposure to law violation related to a single DWI more than twenty years ago, and a few related driver license misdemeanors, also more than twenty years ago, when he would have been less than twenty years of age.  He is now 42 years old, and he has had no law enforcement contacts in the intervening twenty plus years.

*Conclusion*

Mr. Shine's proposal, and the accompanying facts, constitute credible evidence that Mr. Shine can be released without danger of criminal activity or flight.

///

///

///

DATED this 2nd day of May, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on May 2, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Frank V. Russo, Esq.

/s/ Michael D. Dieni