DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
MICHAEL T. BURKE
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
frank.russo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:06-cr-00041-RRB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DISCOVERY** |
| ) | **CERTIFICATION** |
| THOMAS P. RANES, NOPENON ) | |
| DENNIS SHINE, DYLAN P. BALES, ) | |
| CURTIS H. MCDONALD, KEVIN A. ) | |
| BROWNING, and ROBERT H. ) | |
| MCDONALD, ) | |
| ) | |
| Defendants. ) | |

COMES NOW the United States, by and through the United States Attorney for the District of Alaska, and hereby responds to the Court's Order Regarding Pretrial Motion Deadline, filed at docket 121.  Therein, the Court requested that the

United States certify when it anticipates providing discovery to the defendants. The United States' has voluntarily produced 4,576 pages of discovery on a compact disk. In addition, the United States has produced 198 disks containing over 4000 audio, video, and data recordings. These documents and recordings were produced to a third party contractor, from whom the defendants can order copies. Other documents were too voluminous to be produced (i.e., financial records), and are available for inspection by appointment. Moreover, all physical evidence is available for inspection by appointment. The United States attaches hereto as Exhibit A a letter that was sent to all counsel of record on May 9, 2006, which sets forth the availability of discovery and inspection.

There are approximately 20 videotapes and disks that still need to be produced to the defendants, which have not been produced because the government experienced special technical difficulties in reproducing such recordings. These recordings will be made available by June 30, 2006, barring any further technical difficulties. In addition, there are additional travel records and search warrants that the United States has obtained in the last 30 days. The search warrants and other records obtained will be made available by July 15, 2006.

The United States discovery obligations are governed by Federal Rule

Criminal Procedure 16(a)(1), and each category of discovery produced or expected to be produced is addressed below:

### Defendant's Statements (Fed. R. Crim. Proc. 16(a)(1)(A)(B))

With respect to each defendant's oral statements made in response to law enforcement interrogation, written summaries of such statements have been turned over to each defendant that made the statement. With respect to recorded statements, these have been made available to all defendants in the form of audio recordings that were intercepted by Title III authorizations.

### Defendant's Prior Record (Fed. R. Crim. Proc. 16(a)(1)(D))

A copy of each defendant's prior record has been made available to each applicable defendant. The defendants further have notice of their records through the pre-trial service report.

### Documents and Objects (Fed. R. Crim. Proc. 16(a)(1)(E))

Copies of documents obtained in search warrants have been made given to the defendants in the form of a CD with all documents scanned therein. Photographs and other data have also been provided. Tangible objects in the government's custody and control, such as vehicles and contraband, as well as bank records, are available for inspection.

### Reports of Examinations and Tests (Fed. R. Crim. Proc. 16(a)(1)(E))

Several items have been fingerprinted, and all drugs have been sent for analysis. The United States has produced some of these documents, but most analyses have not yet been completed. The United States will produce such material when it is completed. The defendant may inspect, copy, or photograph the results of such tests by request.

### Expert Witnesses (Fed. R. Crim. Proc. 16(a)(1)(F))

The United States plans to call expert chemists and possibly fingerprint experts who will testify about the results of their analysis. The United States will provide summaries of such testimony, and any other summaries of expert witnesses, one month prior to trial.

### Continuing Duty to Disclose (Fed. R. Crim. Proc. 16(c))

It is expected that there will be additional discovery that will be uncovered that will be turned over to the defendants (i.e., additional evidence obtained through the use of search warrants, recordings of defendants, additional experts). The United States expects to turn over such documents in a timely manner.

### Voluntary Discovery

In order to facilitate discovery, the United States voluntary turned over additional discovery in the form of warrants and affidavits for search warrants and

wire interceptions. Many of the affidavits in support of such warrants are subject to a protective order that limits their distribution and security (i.e., only to members of the defense team, and they are not to be left with defendants who are in custody). To the extent additional warrants are obtained and executed, the United States expects to turn over said warrants and affidavits in a timely fashion.

In turn, within Exhibit A, the United States has requested that the defendants comply with their discovery obligations set forth in Fed. R. Crim. Proc. 16(b), and their notice of defenses mandated by Fed. R. Crim. Proc. 12.1 (notice of alibi), Fed. R. Crim. Proc. 12.2 (notice of evidence of a mental condition), and

//

//

//

Fed. R. Crim. Proc. 13 (notice of public authority).  The United States respectfully requests that the Court set a date for the notice of any such defenses contemporaneous with the filing of motions to suppress.

RESPECTFULLY SUBMITTED this 15th day of June, 2006 in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on June 15, 2006, via:

    (✔) ELECTRONIC NOTICE

**John M. Murtagh**
(Counsel for ▲ Thomas P. Ranes, Def. 1)
1101 W. 7th Ave.
Anchorage, AK  99501
Tel: 274-8664
Fax: 258-6419

**William D. English**
(Counsel for ▲ Curtis McDonald, Def. 4)
310 K St., Ste. 200
Anchorage, AK 99501
Tele: 264-6722
Fax:  277-0712

**Michael Dieni**
(Counsel for ▲ Nopenon Dennis Shine, Def. 2)
550 W. 7th Ave., #1600
Anchorage, AK 99501
Tel: 646-3400
Fax: 646-3480

**Rex Lamont Butler**
(Counsel for ▲ Kevin Browning, Def. 5)
745 W. 4th Ave., Suite 300
Anchorage, AK 99501
Tel: 272-1497
Fax: 276-3306

**Phillip P. Weidner**
(Counsel for ▲ Dylan N. Bales, Def. 3)
330 L St., Suite 200
Anchorage, AK 99501
Tel: 276-1200
Fax: 278-6571

**Joe P. Josephson**
(Counsel for ▲ Robert McDonald, Def. 6)
912 W. 6th Avenue
Anchorage, AK 99501-2024
Tel: 276-0151
Fax: 276-0155

s/ Frank V. Russo