Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>NOPENON DENNIS SHINE,<br><br>                  Defendant. | Case No. 3:06-cr-0041-02-RRB<br><br>MOTION TO CONTINUE<br>MOTIONS DEADLINE |

       Defendant, Nopenon Dennis Shine, by and through counsel Michael Dieni, Assistant Federal Defender, moves this court for an order continuing the motions deadline. Mr. Shine requests a structured set of discovery deadlines built around the new October 15, 2007, trial date.

       The current deadline is January 12, 2007, a date set following the government's December 20, 2006, publication of the second superseding indictment, and in light of the then pending February 12, 2007, trial date. On January 11, 2007, all of the parties who have made appearances presented a request or concurred in a request for a new trial date. J. Beistline has now reset trial for October 15, 2007.

The government, through Assistant United States Attorney Frank Russo, has been contacted and he has advised that the government agrees that a continuance from the January 12 due date for new motions related deadlines are appropriate. The government requests a layered approach to discovery deadlines. The government, however, has indicated that they may oppose motions not related to the new allegations. The government's counsel failed to articulate any particular prejudice occasioned by the filing of any motions, given the current new trial schedule.

During the hearing to continue the trial, the government acknowledged that a new trial date would be necessary to accommodate expected motion practice. J. Beistline agreed and made a formal finding that the need for more time to conduct motion practice was among several valid grounds to continue the trial. He directed the parties to file a motion with this court to get a new schedule. This motion follows that advice.

Mr. Shine has consulted with counsel for Mr. Ranes and they have agreed to a suggested schedule of due dates for defense counsel as follows:

1. Multiplicity, duplicity, bill of particulars, and discovery motions due **March 1, 2007**

2. Motions to suppress, Fourth and Fifth Amendment related, due **April 15, 2007**

3. Severance motions due **May 15, 2007**

4. Government expert notices due **July 15, 2007**

5. Motions in limine due **September 15, 2007**

It is anticipated that Mr. Shine may file some motions that technically could have been filed prior to the second superseding indictment. With the change in circumstances and the onslaught of new discovery, Mr. Shine has been unable to meet previous deadlines. Given the extended new trial date setting, this court should not attempt to parse what is new and what is related. Absent a showing of prejudice, Mr. Shine should be allowed to start afresh in evaluating the case for motions.

First, and foremost, the second superseding indictment has completely changed the character of the case. The basic history relevant to Mr. Shine is set forth as follows.

At the time Mr. Shine sought the first motion to continue trial in June 2006, he faced a mountain of discovery, including 11 DVDs, 95 CDs, 121 VHS tapes, and over 3,000 pages of discovery. The government supplied this discovery in June 2006. Mr. Shine went to work immediately to attempt to review these materials. One of the CDs related to the wiretaps contained over three thousand phone calls.

During the summer, however, it became apparent that the parties, in reliance upon the review of a fraction of the discovery, could effectively resolve the case without reviewing hundreds of hours of video evidence and thousands of telephone calls. Draft versions of a plea agreement were circulated. As of early October 2006, Mr. Shine was on the verge of settling the case far short of the mandatory sentencing, on terms that included safety valve and mitigation concessions. To pursue these concessions and to negotiate a favorable agreement, Mr. Shine had no need and, indeed, needed to avoid, engaging in motion practice.

Then, in October 2006, the government suddenly withdrew from pending plea offers and advised Mr. Shine that he was a prime suspect in a murder allegation related to the pending drug conspiracy. The government advised counsel that there would be a new indictment. The government also advised that it would be providing a new extensive batch of discovery related to the case. The government acknowledged that there would be a need for a new trial date.

Immediately, Mr. Shine went back to the primary discovery to work on motion practice and attempt to understand the nature of the new allegations. Upon review. it was evident that the government had not made complete discovery. On November 22, 2006, in aid of preparing pretrial motions, Mr. Shine submitted a comprehensive set of over 20 discovery requests to the government. Recently, finally, the government has provided a great deal of new discovery. On December 29, 2006, and January 11, 2007, thousands of pages of new discovery, along with photographic evidence, has been added. Most of the material existed prior to the new indictment, including a statement Mr. Shine made to police on or about May 24, 2006, and photographs pertaining to the homicide investigation. To date, the government has yet to formally respond to Mr. Shines November 22 letter.

*Conclusion*

As set forth in Mr. Shine's motion to continue trial at Docket 322, the case has grown in depth and complexity. Given the extension of the trial date, the need to re-evaluate the case in light of the new charges, and the volume of discovery, a new motions deadline is entirely appropriate. The government has admitted as much. The schedule set forth above is a parallel to this court's initial motions deadline order in July 2006, and mirrors the time relationship between motions and the trial date.

Absent a showing of prejudice from the government, the defense should not be presumptively limited to the type of motions it may need to file. The motions date deadlines should accommodate defense counsel's relatively recent need to review a gigantic volume of discovery, which now includes discovery supplied the day before the current motions deadline. With the twelfth hour addition of overt act allegations that threaten some defendants with lifetime incarceration, and the extended trial date, the case has begun anew.

DATED this 12th day of January, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on January 12, 2007, a copy of the foregoing document, with attachments, was served electronically on:

Frank V. Russo, Esq.

/s/ Michael D. Dieni