Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:06-cr-0041-02-RRB |
| vs. | |
| NOPENON DENNIS SHINE, | MOTION TO COMPEL DISCOVERY |
| Defendant. | |

Defendant, Nopenon Dennis Shine, by and through counsel Michael Dieni,

Assistant Federal Defender, moves this court for an order compelling the production of

discovery.  Mr. Shine has made requests for discovery in writing for all of the items detailed

below.  The government has responded to some, but not all, of these requests.  Most of

the items set forth below were sent to the government in a letter delivered on or about

November 16, 2006.  The government has not responded in writing, and the government's

discovery certificate at Docket No. 337 fails to respond to the specific requests detailed in

Mr. Shine's letter to the government.

As to all of the separate items set forth below, therefore, the government either failed to affirm an obligation to provide the discovery, or objected to providing the discovery. In order to avoid ambiguity or mistake as a basis for a failure of discovery, this motion follows. The requests that are the subject of this motion are set forth seriatim as follows, with accompanying authority.

1.    *Defendant's Statements.*  The government has provided summaries of two statements made by Mr. Shine to law enforcement. However, Mr. Shine requested production of rough notes in which statements of the defendant are contained. *See*, Fed. R. Crim. P. 16(a)(1)(A), *Brady v. Maryland*, *United States v. Harris*, 543 F.2d 1276 (9th Cir. 1976) (rough notes).

Based upon a review of the officers' summaries, it is expected that Mr. Shine will dispute the accuracy of each summary. Preservation and production of the notes made contemporaneously with the statement will be crucial. The notes, to the extent they fail to support the summary, constitute *Brady* material.

To date, the government has neither objected to this request, nor provided the requested discovery.

2.    *Documents, Statements, Reports, Tangible Evidence.*  Rule 16(b). Mr. Shine requests production of all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or which may affect the credibility of the government's case. This evidence must be produced pursuant to *Brady v. Maryland* and *United States v. Aguers*, 427 U.S. 97 (1976).

To date, the government has neither objected to this request, nor provided the requested discovery.

3.    *Prior Records/Other Act Evidence*.    All evidence, documents, records of judgments and convictions, photographs, and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts.  Even if the prior record is not required under Fed. R. Crim. P. 16(a)(1)(B), evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  This request also includes any computerized records of the defendant's criminal and/or traffic history.

To date, the government has neither objected to this request, nor provided the requested discovery.

4.    *Agents' Reports, Notes, Memos*.    All arrest reports, investigator notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant or witness.  These reports are producible under Fed. R. Crim. P. 16(a)(1)(B), and Fed. R. Crim. P. 26.2 and 12(I).  In addition, it is requested that any witness interview notes that could be considered to be statements attributable to a witness be provided.  *See Goldberg v. United States*, 425 U.S. 94 (1976).  An officer's "rough notes" must be disclosed pursuant to *Brady*, if they contain material and potentially exculpatory information.  *United States v. Alvarez*, 86 F.3d 901 (9th Cir. 1996).

Mr. Shine recognizes that the government is not required to immediately produce this discovery. Nevertheless, to date, the government has neither objected to this request, nor provided the requested discovery.

5.     *Bias of Government Witnesses*. Any evidence that any prospective government witness is biased or prejudiced against Mr. Shine, or has a motive to falsify or distort his/her testimony. *See Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

To date, the government has neither objected to this request, nor provided the requested discovery.

6.     *Prior Record/Other Acts of Government Witnesses*. Any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction. *See* Fed. R. Evid. 608(b) and *Brady*.

To date, the government has neither objected to this request, nor provided the requested discovery.

7.     *Investigation of Witnesses*. Any evidence that any prospective witness is or was under investigation by federal, state, or local authorities for any criminal or official misconduct during the course of the present investigation. *United States v. Chitty*, 760 F.2d 425, 428 (2d Cir.), *cert. denied*, 474 U.S. 945 (1985).

To date, the government has neither objected to this request, nor provided the requested discovery.

8.     *Evidence Regarding Ability to Testify*. Any evidence regarding any witness's ability to testify, including any:

- medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to proceed, remember, communicate, or tell the truth is impaired; or

- any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic.

*United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980); *United States v. Butler*, 567 F.2d 885 (9th Cir. 1978).

To date, the government has neither objected to this request, nor provided the requested discovery.

9.    *Personnel Files of Law Enforcement Personnel*.  It is requested that the government review each agent's personnel file for information requested in paragraphs 5 through 8, above, and determine whether there is any potential impeaching information contained in the file.  *See United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

To date, the government has neither objected to this request, nor provided the requested discovery.

10.    *Inconsistent Statement Evidence*.  Disclosure that any government witness has given contradictory statements during interviews with police or to other witnesses.  *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Brady* and *Giglio*.

To date, the government has neither objected to this request, nor provided the requested discovery.

11.    *Other Eye-Witnesses*.  The name and last known address of every witness to the crime or crimes or other actions charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness.  *United States v. Cadet*, 727 F.2d 1453, 1469 (9ᵗʰ Cir. 1984).

To date, the government has neither objected to this request, nor provided the requested discovery.

12.    *Favorable Testimony Regarding Mr. Shine*.  The name of any witness who made an arguably favorable statement concerning Mr. Shine or who could not identify him or who was unsure of or disbelieved in his involvement of the crime charged.  *Jackson v. Wainwright*, 390 F.2d 288 (5ᵗʰ Cir. 1968); *James v. Jag*, 575 F.2d 1164, 1168 (6ᵗʰ Cir. 1978); *Hudson v. Blackburn*, 601 F.2d 785 (5ᵗʰ Cir. 1975).

To date, the government has neither objected to this request, nor provided the requested discovery.

13.    *Experts – Reports and Summaries*.  Production of any and all reports of any examinations or tests pertaining to potential expert testimony pursuant to Rule 16(a)(1)(D).  As required by Rule 16(a)(1)(E), the summaries must describe the witnesses' opinions, the bases, and the reasons therefor, and the witnesses' qualifications.  *See* Fed. R. Crim. P. 16(a)(1)(E).  Mr. Shine also request the *curriculum vitae* of any and all experts the government intends to call at trial, including any and all books, treatises, or other papers written by the expert which is relevant to the expert's testimony.

The government has responded to this request in their formal notice to the court at Docket No. 337.  Mr. Shine requests, however, that the court set a time line for

provision of this discovery. At the trial re-setting conference, the government took the position that it could be ready for trial in June 2007. Therefore, it seems reasonable that the government provide discovery of its expert related evidence and discovery no later than June 15, 2007. This will give Mr. Shine the opportunity to analyze the evidence and obtain second opinions from his own experts, without incurring a need for further delay of trial.

14.    In relation to the request at paragraph 14, Mr. Shine has specifically requested that the government provide all technical data in its possession concerning the so-called tower arrangements set forth in cell phone records used by the government to interpret cell phone (mobile phone) information, including but not limited to the approximate locations of phone callers and recipients of calls. So far, the government has provided spreadsheets with data that is not understandable. Presumably, the government has interviewed phone company representatives and obtained key charts explaining the information. Mr. Shine requests that the government produce this information.

To date, the government has neither objected to this aspect of the request, nor provided the requested discovery.

15.    *Promises or Deals with Government Witnesses.* All promises of consideration given to any witnesses. *Gigilio v. United States*, 405 U.S. 150 (1972). *See also United States v. Shaffer*, 789 F.2d 682 (9th Cir. 1986). This request includes cooperation agreements with witnesses who are not called as government witnesses. *See United States v. Kojayan*, 8 F.3d 1315 (9th Cir. 1993).

To date, the government has neither objected to this request, nor provided the requested discovery.

16.    *Confidential Informants and Related Information.*  It is requested that the government reveal the identity of any and all confidential informants who are percipient witnesses in this case and information regarding any promises to the CIs and the information provided by the CIs.

To date, the government has neither objected to this request, nor provided the requested discovery.

17.    *Identification Materials.*  It is requested that the United States produce any documents or pictures used in the course of any identification procedure in which Mr. Shine was identified or not identified.  This would include line-ups, show-ups, photo spreads, or similarly identification proceedings.

To date, the government has neither objected to this request, nor provided the requested discovery.

18.    *Other Suspect Evidence.*    Any evidence or information in the possession of the government potentially linking any other suspects to the crime – the conduct – for which Mr. Shine is accused.  *Calderon v. Coleman*, 150 F.3d 1105, 1117 (9th Cir. 1998), *rev'd on other grounds,* 525 U.S. 141, 119 S. Ct. 500 (1998).

To date, the government has neither objected to this request, nor provided the requested discovery.

19.    *Any Statements Made by Any Non-Testifying Co-Defendant*.  In order to preserve his Confrontation and Cross-examination rights, and to evaluate the need for a *Bruton v. United States* severance motion pursuant to Rule 14, Mr. Shine requests the

opportunity to review any statements the government intends to use at trial made by any non-testifying co-defendant.

To date, the government has neither objected to this request, nor provided the requested discovery.

In order to effect discovery of the items set forth above, Mr. Shine specifically requests that the court order the government to make specific inquiry of each government agent connected to the case for the above-described discovery. *See Kyles v. Whitley*, 115 S. Ct. 1555 (1995).

DATED this 27th day of February, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on February 27, 2007, a copy of the
foregoing document, with attachments, was
served electronically on:

Frank V. Russo, Esq.
James N. Barkeley , Esq.
Shawn C. Fuller , Esq.
Assistant United States Attorneys

/s/ Michael D. Dieni