UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>NOPENON DENNIS SHINE,<br><br>                Defendant. | Case No. 3:06-cr-0041-02-RRB<br><br>PROPOSED<br>ORDER REGARDING<br>DISCOVERY |

After due consideration of defendant's motion to compel discovery, the motion is GRANTED. The government shall provide the following items in discovery as soon as they are discovered, or as otherwise specifically designated by this court by separate order.

1. Rough notes in which statements of the defendant are contained.

2. Documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, or which may affect the credibility of the government's case.

3. All evidence, documents, records of judgments and convictions, photographs, and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts pertaining to Mr. Shine.

4. All arrest reports, investigator notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant or any witness as required pursuant to Rule 26.2 or *Brady*.

5. Any evidence that any prospective government witness is biased or prejudiced against Mr. Shine or has a motive to falsify or distort his/her testimony.

6. Any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction.
7. Any evidence that any prospective witness is or was under investigation by federal, state, or local authorities for any criminal or official misconduct during the course of the present investigation.

8. Evidence pertaining to any witness's ability to accurately testify, including medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to proceed, remember, communicate, or tell the truth is impaired or any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic.

9. The government is ordered to review each agent's personnel file for information requested in paragraphs 5 through 8, above, or any other evidence that the agent's ability to perform their duties has been called into question, and determine whether there is any potential impeaching information contained in the file.

10. Disclosure that any government witness has given contradictory statements during interviews with police or to other witnesses.

11. The name and last known address of every witness to the crime or crimes or other actions charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness.

12. The name of any witness who made an arguably favorable statement concerning Mr. Shine or who could not identify him or who was unsure of or disbelieved in his involvement of the crime charged.

13. Expert witnesses' opinions, the bases, and the reasons therefor, and the witnesses' qualifications, are due on or before June 15, 2007.

14. All technical data and summaries of expert witness statements in its possession concerning the so-called tower arrangements set forth in cell phone records used by the government to interpret cell phone (mobile phone) information, including but not limited to the approximate locations of phone callers and recipients of calls, and the range and location of the various towers.

15. All promises of consideration given to any witness.

16. The identity of any and all confidential informants who are percipient witnesses in this case, and information regarding any promises to the CIs and the information provided by the CIs.

17. Any documents or pictures used in the course of any identification procedure in which Mr. Shine was identified or not identified, including but not limited to line-ups, show-ups, photo spreads, or similarly identification proceedings.

18. Any evidence or information in the possession of the government linking any other suspects to the crime – the conduct – for which Mr. Shine is accused.

19. Any statements the government intends to use at trial made by any non-testifying co-defendant.

DATED this ____ day of _____, 2007 in Anchorage, Alaska.

_____
John D. Roberts
United States Magistrate Judge