Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NOPENONE DENNIS SHINE,<br><br>　　　　　　Defendant. | Case No. 3:06-cr-0041–02-RRB<br><br>MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS FIRST POLICE STATEMENT |

Defendant, Nopenone Dennis Shine, requests an order suppressing his police statements.

*I.　Factual Introduction*

On April 22, 2006, officers arrested Mr. Shine. To do so, they pulled him over while he was driving, forced him out of his vehicle, hand-cuffed him, and detained him in a police car. They then took him to a police station and interrogated him.

At some point during the process, police spoke to him about his rights. He received nothing in writing. The advisement was done orally. Mr. Shine has no recollection of the contents of this advisement.

At the outset of the interrogation, Mr. Shine made exculpatory statements, denying involvement in drug trafficking activity. The arresting agents were unsatisfied with those answers. They proceeded to lean on Mr. Shine to change his story by advising him, in effect, that things would go better for him, or not as bad, if he told the truth they expected to hear – that he was involved. The agents also implied that he should think about the well-being of his girlfriend, who suffered from suicidal depression, if he told them the "truth." The implication was that he would suffer a lesser penalty if he cooperated, and he would put himself in a better position to help her, by staying out of jail.

At no point did the agents record any of the interview. Nor did they ask Mr. Shine to write his position. Mr. Shine has requested the raw notes from the interview, but none have been provided. This court has ordered that raw notes be produced, but it is yet unknown whether any exist. The agents did produce a report, which reflects their interpretation of the interrogation.

II.     Law and Argument

The government bears a "heavy burden" of proving that Mr. Shine waived his *Miranda* rights before any questioning. *Miranda v. Arizona*, 384 U.S. 436 (1966).

In addition to showing a *Miranda* waiver, the government must prove that any statement from Mr. Shine was voluntary. The Supreme Court, relying on the Fifth Amendment, has made it clear that involuntary statements should be suppressed:

> It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded in whole or in part upon an involuntary confession, without regard to the truth or falsity of the confession, and even though there is ample evidence aside from the confession to support the conviction.

*Jackson v. Denno*, 378 U.S. 368, 376 (1964) (citations omitted). *See also Greenwald v. Wisconsin*, 380 U.S. 519 (1968).

To make a showing of voluntariness, "it must be shown that in fact the confessor has a free will and intellect whether or not the [police] had any reason to doubt its presence or suspect its absence." *Pea v. United States*, 397 F.2d 627, 632 (D.C. Cir. 1968). The government bears the burden of proving by a preponderance of the evidence that a defendant's statement was made voluntarily. *Lego v. Twomey*, 404 U.S. 477 (1972); *United States ex rel. Hayward v. Johnson*, 508 F.2d 322, (3rd Cir. 1975).

In determining the admissibility under the Due Process clause of an accused's admissions to police, the ultimate test remains that which has been the only clearly established test of Anglo-American courts for two hundred years: the test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process. *Columbe v. Connecticut*, 367 U.S. 568, 602; 81 S. Ct. 1860, 1879 (1961).

Drastic abuses, such as beating or the administration of truth serum, are not required, for the "'blood of the accused is not the only hallmark of an unconstitutional inquisition.' . . . Determination of whether a statement is involuntary requires 'more than a mere color-matching of cases.' . . . It requires careful evaluation of all the circumstances of the interrogation." *Mincey v. Arizona*, 437 U.S. 401 (1978) (citations and footnote omitted). *See also Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973). It is the totality

of the circumstances that determines whether a confession is voluntary. *United States ex rel Hayward v. Johnson*, *supra*, 508 F.2d at 326.

Therefore, in the present case, Mr. Shine did attempt to resist making inculpatory comments. The agents pressured him psychologically to get him to admit, in part, involvement with Mr. Ranes and participation in some of the events now the subject of the pending indictment.

### III.   Conclusion

For the reasons and facts set forth above, Mr. Shine asserts that he did not voluntarily waive his *Miranda* rights and any statement made thereafter was involuntary. Mr. Shine requests that his police statement be suppressed.

DATED this 16th day of April, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on April 16, 2007, a copy of the foregoing document, with attachments, was served electronically on:

Frank Russo, Esq.

/s/ Michael D. Dieni