NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
SHAWN FULLER
Assistant U.S. Attorneys
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071
(907) 271-1500 (fax)
frank.russo@usdoj.gov
shawn.fuller@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-00041-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | MOTION TO CLARIFY |
| vs. | ) | AND/OR RECONSIDER |
| | ) | ORDER REGARDING |
| THOMAS P. RANES, and | ) | DISCOVERY |
| NOPENONE DENNIS SHINE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the United States of America, by and through undersigned

counsel, and respectfully requests clarification and/or reconsideration of two aspects

of the Court's Order Regarding Discovery filed at docket 407 (hereinafter the

"Order"). First, the Court has directed the United States to provide the names and

addresses of witnesses to the "actions" or "offenses" charged in the indictment. Order

at docket 407, p. 15 <u>citing</u> <u>United States v. Cadet</u>, 727 F.2d 1453, 1469 (9th Cir. 1984). This directive was in response to a request from defendant Shine that the United States inadvertently omitted in its response to the defendant's laundry list of requests. As more fully set forth below, because of the nature of the charges in this case, compliance with this directive would violate the Court's pronouncements in other parts of the Order, and would be unduly burdensome for the United States; this is especially so given that the Order appears to direct the United States to comply by April 26, 2007. Next, the United States requests clarification of the timing of another part of the order, which requires disclosure of whether prospective government witnesses are under investigation. Because no deadline is provided, it appears that the April 26, 2007 date applies to disclosure of this information, which would result in premature disclosure of cooperating witnesses. Accordingly, the United States requests clarification and reconsideration.

<u>Discovery of Other Eyewitnesses</u>

At docket 372, defendant Shine filed a Motion to Compel Discovery which requested, in relevant part:

> 11.    *Other Eye-Witnesses*.  The name and last known address of every witness to the crime or crimes or other actions charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d 1453, 1469 (9th Cir. 1984).

Defendant's Motion, p. 6. Within the United States response, item number 11 was not specifically addressed. This was an oversight. Indeed, every other one of Shine's requests was specifically addressed in the various subheadings of the United States' response. This omission was not discovered until the Order was filed.

Accordingly – and understandably – without the benefit of an opposition, the Court granted the defendant's request in large part. The Court denied as overly broad Shine's request to identify all witnesses to any of the overt acts alleged. However, the Court ordered the United States to disclose the names and addresses of witnesses to the offenses charged in the indictment who will not be called as government witnesses. In this regard, it is noteworthy that the defendants are charged with a six-year Conspiracy to Import and Distribute Controlled Substances; Defendant Ranes additionally is charged with over 137 money laundering counts. With respect to the conspiracy charges, the nature of the crime is an agreement. The witnesses to the agreement are the conspirators themselves. Thus, there are numerous witnesses the United States cannot call as witnesses, as they have rights against self-incrimination. On the other hand, some of these witnesses are cooperating with the United States. Early disclosure of individuals who will not be called as a witness is tantamount to identifying cooperating individuals and providing the defendant with a "reverse" witness list (i.e., the defendants simply need to take the names they are given, cross

them off the list of the universe of conspirators known to them, and they will know who is cooperating and who is not.)

Within the Order, the Court specifically disapproved of these types of disclosures. For example, the Court stated that "[i]t is axiomatic that the defendant is not entitled to a list of prosecution witnesses through a bill of particulars." Order, p. 24; see also p. 7 ("The government is not required . . . to identify its witnesses in a non-capital case.") The Court later added, "[t]he desire to know the names of any unknown co-conspirators or the exact time other co-conspirators joined the conspiracy are not reasons warranting a bill of particulars." However, strict compliance with the Court's Order regarding "Discovery of Other Eyewitnesses" gives the defendants exactly what the Court has denied them in other parts of the order: a witness list and the names of unindicted co-conspirators.

Moreover, there are practical problems with the "discovery of other eyewitnesses" in this case. For example, each of the 137 money laundering counts has a variety of witnesses that will not be called to testify at trial. For example, the bank teller that facilitated the transaction is a witness to money laundering. However, in the great majority of counts, the teller will not be called to testify at trial. Yet, the Order places an affirmative duty upon the government to identify each of the tellers (as well as other employees or managers who might have approved the transaction), find out their addresses, and provide them to the defendants by April 26. Another

practical problem is that the United States witness list is far from being finalized. Trial preparation has only just begun.  Typically, as the Court is aware in a case of this magnitude, witness lists will evolve over time.  Indeed, some witnesses who the government expected to be called may be cancelled during the middle of trial due to the testimony of other witnesses or for other strategical reasons.  However, based on the letter of the Court's directive, the government will be in violation of the Order if this happens.

These scenarios have nothing to do with hiding exculpatory material from the defendant.  Indeed, the government has been complying with its <u>Brady</u> obligations concerning witnesses who will not be called as government witnesses who have arguable exculpatory material.  Filed concurrently herewith under seal is one example of  such disclosures regarding potential witnesses who the government does not expect to call.[1]  The United States will continue to make these types of disclosures, and further submits that the drastic order of disclosure of all non-testifying witnesses is unnecessary to protect the defendants' due process rights.  As the Court pointed out in the Order, the Government bears the burden of complying with its <u>Brady</u> obligations.  If it does not, any conviction it obtains will be in jeopardy.  The United States has no interest in hiding this information from the defendants by refusing to

---

[1]     Because some of this information was provided during debriefings of cooperating witnesses, the exhibit is filed under seal as a separate document linked to this filing.

call or disclose witnesses who can arguably exculpate the defendants.

Finally, it is important to note that the defendants have made no materiality showing to justify the Court's Order with respect to non-testifying witnesses, as required by Rule 16.  See United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990) ("[w]ithout a factual showing [of materiality], there is no basis upon which the court may exercise its discretion" to order discovery).  In this regard, the recent District Court case of United States v. Turner is instructive.  2007 WL 1031691 (W.D. Wash.  April 3, 2007).  There, the defendant also sought a list of non-testifying witnesses, citing Cadet.  Id. at *6.  The Court rejected this request, stating:

> While the Cadet rule covers material outside of what might be required by Brady, it does not go beyond the limits of Rule 16.  As discussed [above], Rule 16 requires a materiality showing.  Defendant has made no such showing, nor defined how such witnesses should be identified.

Id.  Similarly, the defendants in this case have made no materiality showing, nor have they alleged that the government is hiding Brady material.  To the contrary, the government has made early disclosure of Brady, and will continue to do so to avoid last-minute requests for continuances.  Accordingly, the need for a list of non-testifying witnesses, aside from being without justification and unduly burdensome, is unnecessary.

Investigation of Prospective Government Witnesses

In pages 15 - 17 of the Order, the Court directs the Government to disclose whether its witnesses are under investigation known to the Government, and provides a procedure for disclosure of such information by ex parte review if necessary. However, the deadline for making such disclosures is not set forth in the Order. Thus, the deadline reverts to the April 26 deadline set forth on the last page of the Order. The Government has no objection to disclosing such information in line with its Brady/Giglio responsibilities. However, early disclosure of this information would result in the premature disclosure of cooperating witnesses and informants. The United States submits that because this information goes toward impeachment of the Government's witnesses at trial, disclosure two weeks prior to trial would properly balance the defendant's need for the information and the Government's privilege in protecting its informants and cooperating witnesses.

Conclusion

The United States failure to respond to defendant Shine's request 11 was an oversight. The Court allowed both defendants Ranes and Shine to file a discretionary reply to the United States original response, and the United States requests similar accommodation with respect to this part of the Order. As set forth herein, the defendants made no materiality showing to support the Court's Order. Compliance with the Order is particularly burdensome, as it places an affirmative duty to

prematurely formulate witness lists as well as locate potential witnesses who have little bearing on the defendants guilt or innocence. Moreover, because the witnesses to the conspiracy are the conspirators themselves, it is tantamount to disclosing the unindicted co-conspirators to the defendants, from which the defendants can glean the cooperating witnesses. Finally, the United States requests that the Court permit the United States to disclose known investigations of its witnesses two weeks prior to trial, rather than 15 days from the date of the Order.

RESPECTFULLY SUBMITTED this 17th day of April, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Frank V. Russo
FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true
and correct copy of the foregoing was sent to
the following counsel of record on April 17, 2007, via:

(X )Electronic Filing

Michael Filipovic and Michael Dieni

s/ Frank V. Russo
Office of the U.S. Attorney