NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
frank.russo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                              )<br>                    Plaintiff,             )<br>                                                              )<br>          vs.                                          )<br>                                                              )<br>THOMAS P. RANES, and           )<br>NOPENONE DENNIS SHINE,    )<br>                                                              )<br>                    Defendants.         )<br>                                                              )<br>_____) | Case No. 3:06-cr-00041-RRB<br><br>MOTION TO STRIKE<br>DEFENDANTS' MOTIONS AT<br>DOCKETS 408, 415, and 419 |

  COMES NOW the United States of America, by and through undersigned counsel, and respectfully requests the Court strike the motions filed at docket 408 (Shine's Motion to Suppress First Police Statement),[1] docket 415 (Ranes' Motion to Suppress Computer and Email Account Evidence), and docket 419 (Sealed

---

[1]  The Court has scheduled an evidentiary hearing on this motion on May 8.

Motion to Suppress Electronic Surveillance Evidence). These motions do not relate to new discovery or new allegations pertaining to the Second Superseding Indictment, but relate to discovery provided by the government well before the pre-trial motions deadlines set by the Court at docket 177. Accordingly, these three motions are untimely and should be stricken.

## BACKGROUND

On April 19, 2006, the defendants were indicted as part of a 142-count Indictment charging Conspiracy to Import and Distribute Marijuana, Money Laundering, and related crimes. They were arrested on April 22, 2006, in Anchorage, Alaska, and arraigned on April 25, 2006. At the time, defendant Ranes was represented by private counsel, John Murtagh. Defendant Shine was appointed Michael Dieni of the Federal Public Defender's Office. The United States began making available to the defense discovery in the case on May 9, 2006. See Letter to Michael Dieni, dated May 9, 2006, advising of the availability of with signature indicating such discovery was received on May 9, 2006, attached hereto as Exhibit A. Defendant Shine's statement to law enforcement, now the subject of the motion to suppress at docket 408, was included in this material at Bates stamp numbers 02-000001 - 02-00004.

At docket 32, the Court set motions' deadlines for May 23, 2006. The defendants moved to continue the trial date and motions' deadlines due to the complexity of the case. This motion was granted at a hearing memorialized at docket 115, and the case was declared complex by order at docket 127. By notice at docket 125, filed on June 15, 2006, the United States certified the progress of discovery, indicating that it was substantially complete.

On June 20, 2006, the United States filed a First Superseding Indictment, essentially adding nine defendants. The defendants were arraigned on the new indictment. The United States provided additional discovery on July 14, 2006. <u>See</u> Letter to John Murtagh dated July 14, 2006, advising of the availability of discovery materials, along with signature indicating such discovery was received on July 14, 2007, attached hereto as Exhibit B. Included in this batch of discovery, at Bates stamp numbers 3767 - 3819, were the Hotmail, Yahoo!, and Dell computer search warrants and affidavits, as well as the evidence obtained therefrom. These search warrants now form the basis for Ranes' motion to suppress filed at docket 415.

Just prior to the filing of the First Superseding Indictment, the status of counsel for Ranes became an issue. Mr. Murtagh was relieved, but continued to appear at status conferences as a "friend of the court" while Mr. Ranes attempted

to retain other counsel. When those efforts failed, the Federal Public Defender's Office for the Western District of Washington was appointed, and First Assistant Federal Public Defender Michael Filipovic entered his appearance on August 11, 2006 at docket 199. However, counsel for the United States and new counsel for Ranes worked together to ensure a smooth transition of counsel, and the United States provided duplicate copies of discovery that it had earlier provided Mr. Murtagh. Indeed, the very day that counsel appeared, the United States provided significant discovery to him, including copies of the wiretap applications and recordings. See Receipt for copies of discovery, signed by Michael Filipovic, dated August 11, 2006. In order to facilitate counsel's review of the wiretap recordings, the United States voluntarily provided the "line sheets" of the recordings to counsel for Ranes. See Receipt for Copies of Discovery, signed by Michael Filipovic, dated September 22, 2006, attached hereto as Exhibit D. The wiretap discovery now forms the basis for defendant Ranes' motion to suppress filed at docket 419.

By order at docket 177, the Court set specific motions deadlines for various issues, some of which had run by the point that Mr. Filipovic entered his appearance. A copy of that order is attached hereto as Exhibit E. Of pertinence to this motion to strike are the following: the deadline to file motions to suppress

statements, September 15, 2006; the deadline to file motions to suppress evidence of searches, September 29, 2006; and the deadline to file motions based on the wiretap, November 15, 2006.

On December 14, 2006, the United States filed a Second Superseding Indictment, alleging the murder of co-conspirator Thomas Cody by defendants Ranes and Shine as one of the overt acts in the indictment and adding two additional defendants. However, the substantive charges against the defendants remained the same. At the arraignments of the defendants on the Second Superseding Indictment on December 20, 2006, the Court made clear that any new motions must address the new allegations. Indeed, at the arraignment of defendant Ranes, the Court stated, "with respect to motion practice, my order that was entered, the docket looks like 177, yes 177, still applies. Most of those dates have run, except for "J" which was rule 702 motions and talks about expert witnesses, that's a January 4 deadline. <u>With respect to the new content</u>, of the second superseding indictment, Mr. Ranes will have until January 4th to file any motion that appears appropriate <u>as a result of the new language</u>." A copy of the relevant portion of the transcript of Ranes' arraignment is attached hereto as Exhibit F. During defendant Shine's arraignment, the Court reiterated that new motions must address the new allegations, save perhaps for a motion for a bill of particulars:

"[W]hat I've done is I've maintained docket at 177 order for motions but I've relaxed it and extended it to the 12th of January for any motion that could not have been brought except for that second superceding indictment and that includes changes in overt acts or counts or addition of another defendant but it <u>needs to relate in some way to the second superceding indictment</u> so a motion for bill of particulars may, it may be overlap, like you say, something that you're willing to forego earlier but now the context of your client and the charges, you want certain discovery provided." A copy of the relevant portion of the transcript of Shine's arraignment is attached hereto as Exhibit G.[2]

    The United States provided additional discovery with regard to the new allegations in the indictment, including cell phone and tower information and additional statements of the defendants. This discovery is the subject of motions filed by Ranes at docket 413 and 417, and by Shine at docket 423 as well as a motion to suppress second police statement, filed under seal. The trial was continued until October 15, 2007, and no new motion deadline was set. Nonetheless, because these four motions do relate, at least somewhat, to the new content of the indictment and the new discovery, the United States has no

---

[2] The recordings of the arraignment will be filed by the United States separately, upon motion for the Court to accept the CD containing the audio recordings.

objection to these motions. However, with respect to the other motions, the United States now moves to strike.

## ARGUMENT

By filing these three motions, the defendants essentially request a "do over" on motion practice simply because of new relevant conduct that was discovered, which the United States will argue is attributable to them. If this were allowed, many defendants would seek to re-litigate issues once their pre-sentence report was prepared and it was discovered that their sentencing exposure was higher. The new allegations in the Second Superseding Indictment neither increase the statutory maximum sentence nor the mandatory minimum sentence. The new allegations, if proved, merely increase the defendants' advisory sentencing guideline range due to the murder. See U.S.S.G. § 2D1.1(d)(1).

Essentially, the United States could have proceeded to trial on the allegations in the First Superseding Indictment and then "sprung" the murder on the defendants as relevant conduct at sentencing. Even worse, the United States could have allowed the defendants to plead guilty and then still introduced this relevant conduct. However, the defendants likely would have (perhaps justifiably) claimed unfair surprise. In the interest of fairness, the United States was compelled to make them aware of this conduct so that they could make an

informed choice with respect to how to proceed with their case. This resulted in the continuance of the trial to allow the defendants to absorb this new information. However, these new allegations should not give new life to their old suppression issues. Nor does it render these issues, which they had clearly elected to forego, any more compelling.

It is clear that counsel for defendant Ranes received the discovery necessary to file his motion to suppress electronic surveillance on or about August 11. See Exhibit D. The deadline for filing this motion was November 15, 2006. According to his affidavit, counsel for Ranes had the discovery necessary to file his motion to suppress evidence related to search warrants for the Yahoo! account, the Hotmail account, and Dell computer, by at least September 1, 2006. See Docket 427, ¶ 6. The deadline for filing these motions was September 29, 2006, giving the defendant ample time to read the three search warrants and make a determination as to whether to challenge the probable cause finding.

As Exhibit A demonstrates, defendant Shine had a copy of his statement to authorities on May 9, 2006. Now, over eleven months later, and seven months after the Court's September 15, 2006, deadline for filing motions to suppress statements, he has filed a motion. If Shine thought he had a viable suppression motion, he would have filed it a long time ago. There is no equitable reason to

allow for the filing of this motion at such late date, and the fact that he now potentially faces an increased advisory sentencing guideline does not make his suppression motion any more meritorious.

Judge Beistline continued the trial until October 15, 2007, for one reason only: so the defendants would have time to absorb the new issues related to the murder allegations.  This was not opposed by the United States, as some of these issues are highly technical and it took counsel for the government several months to investigate and understand their import.   Judge Beistline did not continue the trial to give the defendants a "second shot" at litigating old motions.  Moreover, the Court was clear with both defendants at their arraignments.  Any new motions must pertain to the new allegations or new discovery.  See Exhibits F and G.  Both defendants have violated this direction in filing these motions, and the motions should not be allowed.

Ranes' arguments, in his motion to consider pretrial motions filed at docket 427, are unavailing. First, he suggests that the voluminous discovery material was the reason for the late-filed motions.  While this may be true regarding some of the other motions he filed, it is not true of the motions that are the subject of this motion to strike.  These two motions are "four corners" attacks on warrant affidavits that he had in August and September of last year.  Next, he indicates that

the case was in settlement posture in September through October 2006. However, such settlement posture was occasioned by the fact that the evidence against Mr. Ranes on the substantive charges in the indictment is overwhelming, and is derived from multiple sources.[3] Those charges have not changed. Both counsel for Ranes and Shine have vast experience in representing criminal defendants, and are being assisted by additional attorneys in their respective offices who also have extensive experience. Counsel were aware of the evidence against their clients, and the decision to pursue settlement was entirely reasonable. Cf. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (no ineffective assistance of counsel found based on failure to file motion to suppress lineup identification, as such was a reasonable litigation tactic given that was ample other evidence of the defendant's identify as the perpetrator).

Finally, the fact that the trial was continued until October 2007 is not a reason to reopen suppression issues. This "we have more time now" argument defies Judge Beistline's reason for granting this lengthy continuance, as well as this Court's own statements at the defendants' arraignments. If this were allowed,

---

[3]  This argument is true in relation to defendant Shine as well. The evidence at trial will include video, audio from both consensual and wiretap recordings, post-arrest statements, informant testimony, cooperating defendant testimony, and law enforcement observations testimony. Several of these categories are not subject to suppression.

then the granting of any trial continuance could result in revisiting motion practice. Thus, allowing these motions interferes with the parties' preparation for the real issues at trial, as well as interferes with the Court's consideration of some novel issues raised by the balance of defendants' properly raised motions. The Court should not deem the three motions at issue here suddenly worthy of consideration when both defendants' counsel reviewed such suppression issues previously, then properly and justifiable declined to challenge these issues.

## CONCLUSION

The Court should strike the defendants' motions filed at dockets 408, 415, and 419, along with any requests for evidentiary hearings filed concurrently therewith. These motions do not pertain to new allegations or new discovery, but rather pertain to issues reviewed and properly deemed unworthy of raising in a timely fashion.

     RESPECTFULLY SUBMITTED this 23rd day of April, 2007, in Anchorage, Alaska.

                                              NELSON P. COHEN
                                              United States Attorney

                                              s/ Frank V. Russo
                                              FRANK V. RUSSO
                                              Assistant U.S. Attorney
                                              Federal Building & U.S. Courthouse
                                              222 West Seventh Avenue, #9, Room 253
                                              Anchorage, Alaska  99513-7567
                                              (907) 271-5071
                                              (907) 271-1500 (fax)
                                              Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true
and correct copy of the foregoing was sent to
the following counsel of record on April 23, 2007, via:

     (X )Electronic Filing

Michael Filipovic and Michael Dieni

Executed at Anchorage, Alaska, on April 23, 2007

s/ Frank V. Russo
Office of the U.S. Attorney