Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>NOPENONE DENNIS SHINE,<br><br>  Defendant. | Case No. 3:06-cr-0041-02-RRB<br><br>**AFFIDAVIT OF COUNSEL** |
| STATE OF ALASKA<br><br>THIRD JUDICIAL DISTRICT | ss. |

Kevin F. McCoy, being first duly sworn upon oath, deposes and says as follows:

1. I represent Dennis Shine in this matter.

2. At Docket No. 424 I filed a memorandum and motion asking the court to suppress cell phone data held on behalf of Mr. Shine alleging that this evidence was seized in violation of the Fourth Amendment, and have requested an evidentiary hearing in connection with that request.

3. The government has opposed the motion at Docket No. 436 and argues that an evidentiary hearing is not necessary.

4. The question presented relates to the warrantless seizure of historical cell phone data for the purpose of tracking a cell phone user's whereabouts.

5. The motion raises difficult questions of first impression.

6. I have prepared a reply memorandum that is seven pages long.

7. The reply memorandum responds to the government contention that an evidentiary hearing is not required. In particular, the reply memorandum identifies a factual dispute regarding how the government gathered the challenged information. The government contends the evidence was gathered pursuant to two previously undisclosed 18 U.S.C. § 2703(d) under seal orders. This representation appears to be inconsistent with records supplied pursuant to Fed.R.Crim.P.16 which indicate that the questioned records were disclosed pursuant to a grand jury subpoena.

8. The reply memorandum also explains why the government's claimed distinction between historical cell phone data and prospective cell phone data is meaningless under the Fourth Amendment and provides case law support discounting any meaningful distinction.

9. Next, the reply memorandum also explains how historical cell phone tracking intrudes onto interests protected by the Fourth Amendment.

10. Finally the reply memorandum explains why suppression is the required remedy to the challenged evidence.

11. For all these reasons, Mr. Shine asks the court to accept his reply memorandum for filing.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

/s/Kevin F. McCoy

SUBSCRIBED and SWORN to before me this 27th day of April 2007.

Notary Public in and for Alaska
My Commission Expires: 12/20/2008

Certification:
I certify that on April 27, 2007,
a copy of the *Affidavit of Counsel*
was served electronically on:

Frank V. Russo, Esq.
James N. Barkeley, Esq.
Shawn C. Fuller, Esq.
Assistant United States Attorneys
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy