## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>     vs.<br><br>(01) Thomas P. **Ranes**,<br>(02) Nopenon Dennis **Shine**,<br>(03) Dylan N. **Bales**,<br>(04) Curtis H. **McDonald**,<br>(05) Kevin A. **Browning**,<br>(06) Robert H. **McDonald**,<br>(07) Joshua S. **Murphy**,<br>(08) Justin **Killian**,<br>(09) Rodney W. **Rhoden**,<br>(10) James Robert **Ranes**,<br>(11) Samuel Joseph **Matechuk**,<br>(12) Mitchell S. **Leblanc**,<br>(13) Daniel J. **Kneitel**,<br>(14) Kurtis R. **Croy**,<br>(15) Kyle **McDonald-Wolochatiuk**,<br>(16) William C. **Yancey**,<br>(17) Yin Tak **Miu**,<br><br>              Defendants. | 3-06-cr-00041-RRB-JDR<br><br>**RECOMMENDATION<br>REGARDING DEFENDANT<br>SHINE'S<br>MOTION TO SUPPRESS<br>SECOND POLICE STATEMENT**<br><br>(Docket No. 410) |

       Defendant **Nopenon Dennis Shine** moves to exclude pretrial negotiation statements from admission as evidence at trial. Docket No. 410. The government filed a response non-opposing the motion with respect to the use of

defendant's proffer statements in its case-in-chief. Docket No. 439. The government's response places the defendant on notice that the United States reserves the right to use his statements for impeachment or in its rebuttal case pursuant to United States v. Rebbe, 314 F.3d 402, 406-07 (9th Cir. 2002). Based upon an assessment of the government's response it appears that the motion to suppress statements taken by the police, Docket No. 410 is moot and should therefore be denied without prejudice should a legal dispute arise at trial concerning the government's use of such statements as impeachment or rebuttal evidence. By its own pleadings the government will not seek to use the defendant's statements made in proffer in its case-in-chief. ***The Motion [410] to Suppress Second Police statements should be DENIED as moot. IT IS SO RECOMMENDED.***

DATED this 11th day of May, 2007, at Anchorage, Alaska.


      /s/ John D. Roberts
     JOHN D. ROBERTS
     United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Monday, May 14, 2007.** Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in

3-06-cr-00041-RRB-JDR SHINE @410 RR Mtn to Suppress_mtd.wpd      2

RR @410 Re Motion to Suppress Second Police Statements
3-06-cr-00041-RRB-JDR     Signed by Judge John D. Roberts     05/11/2007; Page 2 of 3

length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed on or before **NOON, Monday, May 21, 2007.**  The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).