Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>NOPENONE DENNIS SHINE,<br><br>                Defendant. | Case No. 3:06-cr-0041-02-RRB<br><br>DEFENDANT SHINE'S OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION REGARDING MR. SHINE'S MOTION TO SUPPRESS FIRST POLICE STATEMENT |

Defendant, Nopenone Dennis Shine, by and through counsel Michael Dieni, Assistant Federal Defender, objects to the magistrate judge's recommendation to deny defendant's motion to suppress Mr. Shine's first police statement. In doing so Mr. Shine relies upon the facts established at the evidentiary hearing, and the arguments of counsel at the evidentiary hearing.

In summary, Mr. Shine asserts that the government agents used the fact of Mr. Shine's suicidal girlfriend's mental health problems, and implied suggestions that he would reduce his exposure to jail time, to overcome his will to resist answering police questions.

In addition, the record fails to establish that Mr. Shine actually waived his right to remain silent as to any particular question. Several propositions of law are clear. Mr. Shine was in custody and questioning would be unlawful without an unequivocal *Miranda* warning and waiver of said rights. It is also well-established that the government has the burden of proof on the question of whether a knowing and intelligent and unequivocal waiver actually took place.

The magistrate's recommendation acknowledges that Mr. Shine's waiver was qualified, in that he only agreed to answer "some" of the questions. *See Egger v. United States*, 509 F.2d 745, 747 (9th Cir. 1975) (recognizes the enforceability of a selective *Miranda* waiver). Under these circumstances, the government has the burden of establishing that Mr. Shine waived his rights as to the questions he ultimately answered. Because the DEA continues to decline to tape record interviews, and did so here, there is no way to reconstruct the precise contours of the alleged partial waiver.

Under these circumstances, and in consideration of the voluntariness issues, the entire statement should be suppressed.

///
///
///
///
///
///

DATED this 7th day of June, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on June 7, 2007, a copy of the foregoing document, with attachments, was served electronically on:

Frank V. Russo, Esq.
Thomas C. Bradley, Esq.

/s/ Michael D. Dieni