# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:06-cr-00041-RRB-JDR |
| Plaintiff, | |
| vs. | **RECOMMENDATION** <br> **REGARDING MOTION TO** <br> **SUPPRESS EVIDENCE DERIVED** <br> **FROM CELL PHONE DATA** |
| **(01) Thomas P. Ranes**, | |
| **(02) Nopenon Dennis Shine**, | (Docket Entries 423, 432) |
| (03) Dylan N. **Bales**, | |
| (04) Curtis H. **McDonald**, | |
| (05) Kevin A. **Browning**, | |
| (06) Robert H. **McDonald**, | |
| (07) Joshua S. **Murphy**, | |
| (08) Justin **Killian**, | |
| (09) Rodney W. **Rhoden**, | |
| (10) James Robert **Ranes**, | |
| (11) Samuel Joseph **Matechuk**, | |
| (12) Mitchell S. **Leblanc**, | |
| (13) Daniel J. **Kneitel**, | |
| (14) Kurtis R. **Croy**, | |
| (15) Kyle **McDonald-Wolochatiuk**, | |
| (16) William C. **Yancey**, | |
| (17) Yin Tak **MIU**, | |
| Defendants. | |

Defendant **Nopenon Dennis Shine** moves to suppress evidence derived from the warrantless search of cell phone data maintained on behalf of Shine. Docket entry 423. Co-defendant Ranes filed a joinder with respect to two cellular telephones. Docket entry 432. The motion is opposed by the government at Docket Entry 436. Defendants Shine and Ranes filed replies at Docket Nos. 450 and 452. Shine also filed a request for an evidentiary hearing. Docket entry 425. For reasons discussed below, the motion(s) to suppress should be DENIED without an evidentiary hearing.

On November 6, 2006, the government obtained an order from a magistrate judge directing ACS Wireless to provide call-detail records with cell-site and locator information for a cell phone used by Nopenon Dennis Shine for the period between May 30, 2005, and June 3, 2005.[1] That order issued in case No. 3:06-mj-00209 for telephone number (907) 240-3314. The order was sought and issued under 18 U.S.C. §2703(c) & (d) to obtain "historical phone records," namely records of phone numbers of incoming and out-going phone calls, cellular tower site information for such records, including sector information, coverage area maps, and information necessary to interpret such records. The order was based upon a showing of relevant and material information to an ongoing criminal investigation and

---

[1] A copy of this order appears as exhibit A to the defendant's opposition, docket entry 436.

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd                    2

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR            Signed by Judge John D. Roberts            06/25/2007; Page 2 of 15

a reasonable belief that the records, including cellular tower and sector information, would be of assistance in corroborating witnesses' statements concerning the whereabouts of Shine during the time period of May 30 through June 3, 2005. A similar separate order was issued seeking records related to telephone numbers (907) 744-0219, (907) 744-1155, and (907) 229-0056 in case number 3:06-mj-00232.

The government concedes that Shine has standing with respect to the order in 3:06-mj-00209 and that Ranes has standing with respect to the order in 3:06-mj-00232 with regard to telephone number (907)229-0056. The government contends that neither defendant has asserted sufficient standing to seek suppression of information obtained from the records pertaining to (907) 744-0219 and (907) 744-1155, numbers assigned to two prepaid cellular telephones. I agree that no standing has been shown as to those two telephone numbers.

The motion seeks suppression of all evidence derived from the warrantless seizure of cellular telephone data maintained by any cellular carrier, including ACS, which identified the location of the person using the specified phones, including calls made to and from the cell phone. The defendants argue that the courts have repeatedly refused to compel disclosure of real-time cell-site information for tracking purposes without a warrant.

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd                                    3

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR              Signed by Judge John D. Roberts              06/25/2007; Page 3 of 15

The government argues that the orders it obtained sought historical records, rather than the means of converting the cell phones into tracking devices. The latter, they argue, seek "real-time" cell-site information which refers to data used by the government to identify the location of a phone contemporaneously. The orders at issue, in the government's view, sought only records stored by the wireless service provider that detailed the location of a cell phone in the past, that is, prior to entry of a court order authorizing the government acquisition, which information is known as "historical cell-site information." See, In re Application for Order of a Pen Register, 402 F.Supp. 2d 597, 599 (D. Md. 2005) discussing the difference between real-time and historical acquisition of cellular telephone information. Unlike real-time information, historical data does not allow triangulation of telephones so as to pin-point their precise location at any given time. The historical acquisition of data captures only single tower information and identifies only the tower (and sometimes sector) the cell phone actually was using.

The government contends that the acquisition of historical cell phone data does not violate the Fourth Amendment. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Whether a search and seizure is "unreasonable" under the Fourth Amendment depends upon whether the person invoking its protection can claim a "justifiable," a "reasonable," or a "legitimate

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd                4

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR              Signed by Judge John D. Roberts              06/25/2007; Page 4 of 15

expectation of privacy" that has been invaded by the government action.  Rakas v. Illinois, 439 U.S. 128, 143, n.12 (1978); United States v. Chadwick, 433 U.S. 1, 7 (1977).  The Supreme Court has held that a defendant has no legitimate expectation of privacy in records maintained by a third party telephone company in the ordinary course of its business, even if those records are turned over to the government. *See*, Smith v. Maryland, 442 U.S. 735 (1979) (records maintained by telephone companies turned over to the government through the use of pen registers).

Shine attempts to distinguish Smith by claiming that he had no way of knowing that his location also was being disclosed to cell providers when he used the telephone.  The user of a cell phone, however, assumes the risk that the provider will not only maintain records of usage but turn over to the government the details it maintains concerning his cell phone usage.  *Id.*  Defendants contend that the agent's use of cell-site data effectively turned the cell phones into tracking devices requiring a warrant based on probable cause.   18 U.S.C. §3117(b) defines a "tracking device" as "an electronic or mechanical device which permits the tracking of the movement of a person or object."  By contrast, the historical data sought by the government in the instant case provided at most a location (not necessarily specific location) without tracking any movement of a person or object.

I agree with the defendants that United States v. Knotts, 460 U.S. 276 (1983) is distinguishable on the question of whether the defendant has a reasonable

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd

5

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR          Signed by Judge John D. Roberts          06/25/2007; Page 5 of 15

expectation of privacy in such data.  The rationale of <u>Knotts</u> is that the defendant had

no legitimate expectation of privacy in the cell-site data because the DEA agents

could have obtained the same information by following his car.  *See*, <u>Knotts</u>, 460

U.S. at 280-81.  In the instant case the government was not following the defendants

and had no idea whether the cell phone usage occurred in the privacy of a home or

some other location.   But the instant case is also distinguishable because the

government did not seek or obtain an order allowing agents to track in real time the

movement of the cell phones at issue.

The question is whether the orders to the cell phone providers obtained

pursuant to the Stored Communications Act and 18 U.S.C. §2703(d) in essence

sought electronic information governed by the Electronics Communications Privacy

Act of 1986 (ECPA) under Title 1, codified at 18 U.S.C. §2518, *et seq.*, and the

mobile tracking device provision at 18 U.S.C. §3117.  The standard for information

sought under the Stored Communications Act requires specific and articulable facts.

A discussion of the legal background begins with the Electronics

Communications Privacy Act of 1986 (ECPA), Pub.L. No. 99-508, 100 Stat. 1848

(1986) which sets forth the basic contours of electronic surveillance law.  This act

had three titles.   Title I amended the 1968 Federal Wiretap Statute to cover

electronic communications.  *See*, Title 3 of the Omnibus Crime Control and Safe

Streets Act of 1968, Pub.L. No. 90-351, 82 Stat. 212, codified at 18 U.S.C. §2510-

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd          6

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR                    Signed by Judge John D. Roberts                    06/25/2007; Page 6 of 15

20, known at the "Wiretap Act." The Wiretap Act imposed additional requirements for lawful interception of a telephone conversation beyond a judicial finding of probable cause. This portion of the ECPA has no bearing on the issue before this court, except to note the full panoply of protections given to the content of private conversations under the Fourth Amendment.

Another portion of the ECPA's Title I authorizes the monitoring or tracking devices which may move across district lines. 18 U.S.C. §3117(a). Congress did not intend the ECPA to effect the legal standard for issuance of orders authorizing these devices. *See*, H.R. Rep. 99-647 at 60 (1968). A probable cause warrant is the standard procedure for authorizing the installation and use of mobile tracking devices. *See*, <u>United States v. Karo</u>, 468 U.S. 705, 720 (1984). (Warrantless monitoring of beeper in private residence violates Fourth Amendment.)

Title II of the ECPA created a new chapter of the criminal code dealing with access to stored communications and transaction records. Pub.L. No. 99-508, 100 Stat. 1848, 1860 (1986), codified at 18 U.S.C. §2701, *et seq*. This part of the statute is generally known as the "Stored Communications Act" or "SCA." The core provision, §2703, authorizes government access to stored communications or transaction records kept by third-party service providers. It is this statute the government relied upon to obtain the orders now being challenged by Ranes and Shine.

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd

7

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR          Signed by Judge John D. Roberts          06/25/2007; Page 7 of 15

Under the SCA certain subscriber or customer records/information can be obtained merely by using an administrative subpoena, a grand jury subpoena, or a trial subpoena.   See, 18 U.S.C. §2703(c)(2).   In order to obtain records or information other than those records or the information listed in §2703(c)(2) (not including contents of communications), the government must obtain a court order under subsection (d) of §2703 or fit into one of the other categories not here at issue. 18 U.S.C. §2703(c)(1)(D).

Section 2703(d) sets forth the requirements for issuance of the court order referenced in §2703(c)(1)(B).   Section 2703(d) reads in pertinent part as follows:

> A court order for disclosure under subsection (b) or(c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation . . . .   A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.

The three categories of information each have different access requirements.  Contents of wire or electronic communications in electronic storage as well as contents of wire or electronic communications in a remote computing

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd

8

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR                    Signed by Judge John D. Roberts                    06/25/2007; Page 8 of 15

service require either a search warrant under Fed.R.Crim.P. 41 or notice to the subscriber or customer.   The third category, subscriber records, concerning electronic communication service or remote computing service may be obtained by court order upon proof of "specific and articulable facts showing reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."   18 U.S.C. §2703(d).   The term "remote computing service" refers to on-line activity, such as email, and is thus inapplicable to the motion before the court.

Defendants Ranes and Shine argue that the legal process required for the government to collect the stored communications and subscriber records is that of probable cause, rather than a showing of specific and articulable facts.   Their argument has some support when one considers the definition of a tracking device under the ECPA.   As used in that section, the term "tracking device" means "an electronic or mechanical device which permits the tracking of the movement of a person or thing." 18 U.S.C. §3117(b).   The definition is broad and includes a device which merely permits tracking.   The category of tracking devices covered under 18 U.S.C. §3117 relates to prospective cell-site data, not stored communications. Section 3117(b) covers devices which permit the "tracking of the movement of a person or object."   Cell-site data allows continuous tracking of actual movement, that is the change of location over time.   It is clear under the case law cited by the

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd

9

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR          Signed by Judge John D. Roberts          06/25/2007; Page 9 of 15

defendants that prospective cell-site data is properly categorized as tracking device information under §3117.

Under the ECPA the records to be disclosed must pertain to the subscriber's use of the provider's electronic communications service.    The term "electronic communications service" is defined as "any service which provides to users thereof the ability to send or receive wire or electronic communications."  18 U.S.C. §§2510(15), 2711(1).  Under the definition of "electronic communication" as defined by the ECPA, tracking device information such as cell-site data is clearly not a form of electronic communications.    Tracking device information such as prospective cell-site data cannot constitute a record pertaining to "wire or electronic communications" as those terms are defined by the ECPA.  Thus, access to such information is not authorized under the SCA.  Real-time location monitoring, not at issue here, effectively converts a cell phone into a tracking device, and therefore cell-site data communicated from a cell phone is not an electronic communication under the ECPA.  *See*, discussion In re Application for Pen Register and Trap/Trace, 396 F.Supp. 2d 747, 759 (S.D. Tex. 2005).  In that decision the court observed in a footnote that historical cell-site data fits the category of transactional records covered by the SCA.  *Id.*, n.16.

The SCA regulates access to records and communications in storage. The focus of that act is to describe the circumstances under which the government

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd

10

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR            Signed by Judge John D. Roberts            06/25/2007; Page 10 of 15

can compel disclosure of existing communications and transaction records in the hands of third-party service providers.  The orders in the Ranes and Shine case issued under §2703(d) are inherently retrospective.  Section 2703(d) orders are also different from wiretap and pen/trap orders which are inherently prospective in nature. Congress did not impose any duration period for §2703(d) orders; and the SCA does not mention sealing, whereas wiretap orders and pen/trap orders are automatically sealed.  Section 2703(d) permits access to customer transaction records currently in the hands of service providers relating to the customer's past and present use of the service.  It contemplates the production of existing records not documents that may be created at a future date relating to future communications.  Greater judicial approval and oversight is appropriate for surveillance techniques for monitoring communications yet to occur.   Thus Congress clearly intended the SCA to be retrospective in nature.

Much of the case law cited by the defendants concludes that the government needed to show probable cause in response to requests by the government for prospective cell-site data.   *See, i.e.*, In re U.S. for Installation of Pen Registers, 416 F.Supp. 2d 390 (D. Md. 2006) (application for order compelling wireless communications service providers to provide government with prospective cell-site data); In re U.S. for Installation of a Pen Register, 415 F.Supp. 2d 211 (W.D.N.Y. 2006) (government seeking release of prospective cell-site data.   In the

case at bar, there is no real-time location tracking sought. The Ranes and Shine orders did not involve the conversion of a cell phone into a tracking device which under the statutory scheme and case law would pose serious Fourth Amendment concerns in the absence of a showing of probable cause.

In re Application of the U.S. for an Order, 396 F.Supp. 294 (E.D.N.Y. 2005) sought disclosure of real-time cell-site location information. Congress has prohibited the government from obtaining by a mere certification of relevance prospective cell-site information, but not as to historical data. The orders in the Ranes & Shine case did not require the electronic communications service to generate any record they would not ordinarily have kept in their business. Nor did it seek additional information regarding the strength, angle and timing of the caller's signal measured at two or more cell-sites that might allow the government to triangulate the caller's position, as did the application before the Texas court in In re Application for Pen Register and Trap/Trace, supra.

In In re Application of the U.S. for an Order, supra, the government did not seek disclosure of information by a provider. In that case the court in obiter dictum stated: "I have no quarrel, that a court may properly, under section 2703, compel a provider to disclose historical cell-site information about past calls that it currently has in electronic storage." 396 F.Supp. 2d at 312. The court stated that section 2703 applies only to information already in existence. That is precisely the

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd

12

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR          Signed by Judge John D. Roberts          06/25/2007; Page 12 of 15

type of information the government sought in the Ranes and Shine orders.  In that case, the court stated that the information being sought was not "historical information."  Rather, the government sought prospective cell-site information.  412 F.Supp. 2d at 949 - 50.  *Compare also*, In re U.S. for an Order Aut. Dis. of Pros. Cell, 412 F.Supp. 2d 947 (E.D. Wis. 2006).

Because the orders at bar did not seek disclosure of the content of communications or prospective tracking information, the recognizable privacy interest in the information sought by the orders did not require a showing of probable cause.  Based on the statute allowing records and information pertaining to subscribers of an electronic communications service to be obtained by court order upon a showing of specific and articulable facts under §2703(d), the defendants had no objectively reasonable expectation of privacy in the information authorized by the court orders.  Defendant's seek an evidentiary hearing.  The questions presented in the motion are not matters of first impression as argued by Shine and evidenced by the numerous references to case law in the memoranda.  An evidentiary hearing is not needed to draw the distinction between historical cell phone data and prospective cell phone data with regard to the Fourth Amendment.  The motions contain insufficient facts to raise a genuine dispute as to material facts regarding how the government obtained the evidence challenged.  The request for an evidentiary hearing constitutes a request for an unwarranted fishing expedition.

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd

13

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR          Signed by Judge John D. Roberts          06/25/2007; Page 13 of 15

Wherefore, the defendants lack a statutory or constitutional basis for suppression of the evidence obtained as a result of the orders issued by this court.  The Motion to Suppress at Docket No. 423 and joinder at Docket No. 432 should be DENIED.  IT IS SO RECOMMENDED

        DATED this 21<u>st</u> day of June, 2007, at Anchorage, Alaska.


                          /s/ John D. Roberts
                         JOHN D. ROBERTS
                         United States Magistrate Judge


        Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Friday, July 20, 2007**,. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.  <u>McCall v. Andrus</u>, 628 F.2d 1185, 1187-1189 (9th Cir.), <u>cert</u>. <u>denied</u>, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation <u>United States v. Howell</u>, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed on or before **NOON, Friday, July 27, 2007**.   The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd                    14

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR              Signed by Judge John D. Roberts              06/25/2007; Page 14 of 15

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).

3-06-cr-00041-RRB-JDR SHINE @423,432, RR Re Mtn to Suppress Cell Phone Data_mtd.wpd                    15

RR @423, 432 MOTION TO SUPPRESS EVIDENCE
DERIVED FROM CELL PHONE DATA
3-06-cr-00041-RRB-JDR          Signed by Judge John D. Roberts          06/25/2007; Page 15 of 15