NELSON P. COHEN
United States Attorney

FRANK V. RUSSO
THOMAS C. BRADLEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov
          thomas.bradley@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOPENONE DENNIS SHINE,<br><br>Defendant. | ) Case No. 3:06-cr-00041-02-RRB<br>)<br>)<br>) **PLEA AGREEMENT**<br>)<br>)<br>)<br>)<br>) |

**Unless the parties jointly inform the Court in writing
of any additional agreements, this document in its
entirety contains the terms of the plea agreement
between the defendant and the United States. This
agreement is limited to the District of Alaska; it does**

**not bind other federal, state, or local prosecuting
authorities, except as otherwise provided herein.**

## I.   TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

### A.  Terms of Agreement

The defendant agrees to plead guilty to Count One of the Second

Superseding Indictment in this case, and agrees to plead guilty to an information

charging him with using a firearm to commit murder during and in relation to a

drug trafficking crime.  The United States agrees to dismiss the remaining counts

of the indictment as they relate to this defendant.  The defendant will waive all

rights to appeal the conviction and sentence imposed under this agreement, and

will waive all rights to collaterally attack the conviction and sentence, except on

the grounds of ineffective assistance of counsel or the voluntariness of the

plea(s).

### B.  Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of

Criminal Procedure 11(c)(1)(A) will control this plea agreement.  Thus, the

defendant  may not withdraw from this agreement or the guilty plea unless the

Court denies the government's post imposition of sentence motion to dismiss the remaining charges.

### C.    Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

## II.    CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

1.    The defendant agrees to plead guilty to the following count of the Second Superseding Indictment:

Count 1, Conspiracy to Import Controlled Substances, in violation of Title 21, United States Code, Sections 963, 952, 960(a) and (b)(1) & (b)(3).

2.    The defendant agrees to plead guilty to an information charging him in Count 1 with Use of Firearm to Commit Murder during and in relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(j)(1). The defendant further agrees to waive presentation of this charge to a grand jury.

**B.    Elements**

The elements of the charge(s) to which the defendant is pleading guilty are

as follows:

1.    Count 1 of the indictment (Conspiracy to Import Marijuana)

First, there was an agreement between two or more persons to knowingly
bring 1000 kilograms or more of marijuana into the United States; and

Second, the defendant became a member of the conspiracy knowing of its
object and intending to help accomplish it.

2.    Count 1 of the information (Use of a Firearm to Commit Murder)

First, the defendant committed the crime of drug trafficking, as charged in
Count 1 of the second superseding indictment;

Second, the defendant knowingly discharged a firearm;

Third, the defendant used the firearm during and in relation to the drug
trafficking crime;

Fourth, the use and discharge of the firearm caused the death of a human
being;

Fifth, the defendant killed the victim with malice aforethought; and

Sixth, the killing was premeditated.

To kill with malice aforethought means to kill either deliberately and

intentionally or recklessly with extreme disregard for human life. Premeditation

means with planning or deliberation. The amount of time needed for

premeditation of a killing depends on the person and the circumstances. It must

be long enough, after forming the intent to kill, for the killer to have been fully

conscious of the intent and to have considered the killing.

## C.    Factual Basis

The defendant admits to the crime(s) charged in Count 1 of the Second

Superseding Indictment and Count 1 of the Information, and the truth of the

following statement, and the parties stipulate that the Court may rely upon this

statement to support the factual basis for the guilty plea and for the imposition of

the sentence:

Beginning on or about May 21, 2000, and continuing until at least on or

about April 22, 2006, in the District of Alaska and elsewhere, the defendant

NOPENONE DENNIS SHINE together with other co-conspirators, including

Thomas P. Ranes and Thomas Cody, within the District of Alaska and elsewhere,

did unlawfully and knowingly, combine, conspire, confederate, and agree with

each other to import marijuana into the United States from Canada.  In

furtherance of the conspiracy, SHINE helped weld hidden compartments in

vehicles, fuel tanks, and trailers.  For example, in or about January 2006, SHINE

welded a hidden compartment on a gooseneck trailer so that it could conceal

imported Canadian marijuana. During the course of SHINE's involvement in the

conspiracy, over 1000 kilograms of marijuana were imported, which was

reasonably foreseeable to him.

Beginning in at least in or about May 2005, Thomas RANES told

Defendant SHINE that Thomas Cody was threatening violence against RANES

and SHINE. Between May 27, 2005, and June 1, 2005, SHINE, together with

Thomas RANES, planned to murder Cody to remove him from the conspiracy as

well as take control of approximately $1 million dollars in drug proceeds being

driven to Canada. Between those dates, SHINE manufactured a homemade

silencer at the Ranes and Shine shop in Anchorage and fitted it to a 9mm Beretta

pistol. On June 1, 2005, RANES dropped SHINE off at a location near Cody's

house located at 6621 Our Own Lane in Anchorage. SHINE went inside Cody's

house and waited for him. At approximately 2:30 pm, Cody arrived home and

SHINE shot and killed him with the 9 mm Beretta. SHINE then called RANES

after the shooting, and RANES called him back using a prepaid cellular

telephone. RANES and SHINE spoke numerous times during which they

attempted to coordinate the disposal of Cody's body. Ultimately, SHINE

transported Cody's body in the back of the 2004 Ford Explorer to the Jim Creek

area in the Mat-Su Valley. RANES later met SHINE in that area to burn the 2004

Ford Explorer and conceal evidence of Cody's murder. SHINE then drove to

Fairbanks while RANES returned to Anchorage.

### D.    Statutory Penalties and Other Matters Affecting Sentence

### 1.    Statutory Penalties

The statutory penalties applicable to the charges to which the defendant is

pleading guilty, based on the facts to which the defendant will admit in support of

the guilty plea, are as follows:

Count 1: Conspiracy

  1) 10 years (**Mandatory Minimum**) to life imprisonment;

  2) a $4 million fine;

  3) a $100 mandatory special assessment; and

  4) 5 years (**Mandatory Minimum**) to life of supervised release.

Count 2: Use of a Firearm to Commit Murder

  1) death or life imprisononment, or any term of years;[1]

---

[1]    The case has been presented to the Attorney General pursuant to U.S. Attorney Manual § 9-10.040 to determine whether the death penalty should be sought and notice should be given pursuant to 18 U.S.C. § 3593. The Attorney General has decided not to authorize the death penalty.

2) a $250,000 fine;

3) a $100 mandatory special assessment; and

4) life of supervised release.

### 2. Other Matters Affecting Sentence

### a. Conditions affecting the defendant's sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money

order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c.    **Consequences of Felony Conviction**

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.  If applicable, any defendant who is not a United States citizen, may be subject to deportation from the United States following conviction for a criminal offense  and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

Specifically, the defendant understands that, because he is a citizen of Thailand, and as a consequence of this aggravated felony conviction, he is a deportable alien with essentially no right to discretionary relief from such deportation under the current state of the law.

### E.    **Forfeiture**

Assets to be forfeited under this agreement:

> 1.    2004 Ford F-450 Flatbed welding truck, VIN 1FDXX47P84EC50305, AK TAG # ETD875;

2.    Haulmark G824T3 enclosed car trailer, VIN
16HGB2420TU004179, AK TAG # 3034PZ ; and

3.    1990 blue Ford Mustang Race Car, VIN
1FACP40E3LF200941, AK TAG # DXS406.

## III.    ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; NON-BINDING GUIDELINE SENTENCE CALCULATION;  SENTENCING RECOMMENDATIONS

### A.    ADVISORY UNITED STATES SENTENCING GUIDELINES

The Court must consult the advisory United States Sentencing Commission

Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when

considering the sentence to impose.  The U.S.S.G. do not establish the statutory

maximum or minimum sentence applicable to the offenses to which the defendant

is pleading guilty.  The U.S.S.G. are not mandatory and the Court is not bound to

impose a sentence recommended by the U.S.S.G.

### B.    GUIDELINE APPLICATION AGREEMENTS

The parties have no agreements on any guideline applications unless set

forth below in this section.

1.    **Acceptance of responsibility**

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1

and the applicable application notes, the United States agrees to recommend the

defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## C.    NON-BINDING GUIDELINE CALCULATION

Below is a summary of the government's estimate of a possible sentencing range under the U.S.S.G. for the defendant based solely upon the facts the defendant is admitting in support of the guilty plea(s) and other agreed upon factual statements that are set forth in Section II. C, any agreed upon guideline applications, and a preliminary non-binding assessment of the defendant's criminal history. This summary only includes those aggravating or mitigating adjustments available under the U.S.S.G. that the parties have specifically agreed apply. The guideline summary contained in this agreement binds neither the Court, the defendant, nor the United States. Neither this summary nor this agreement limits the information upon which the Court can base its U.S.S.G.

calculation or its final sentencing decisions in this case. The Court may find

other relevant facts and other adjustments apply to the defendant's guideline

sentence calculation that may result in a higher or lower guideline sentence range

than is contained in this agreement. The parties are free to establish additional

facts or argue for any guideline adjustments that may affect the Court's final

calculation of the defendant's guideline sentence range. The defendant

understands that the discussions between defense counsel and the defendant

concerning the defendant's sentence exposure are only estimates and do not bind

the Court. Unless otherwise specifically stated in this agreement, the Court has

the discretion to impose a sentence that is higher than or lower than the sentence

range contained in this summary or in the defendant's pre-sentence report.

### NON BINDING SUMMARY:

*BASE OFFENSE LEVEL (U.S.S.G. § 2D1.1(a)(3) & (c)(4)) (at least 1000 kilograms but less than 3000 kilograms of marijauna)* ......... *32*

#### *SPECIFIC OFFENSE CHARACTERISTICS*

*Possession of a firearm (U.S.S.G. § 2D1.1(b)(1)* ........ *+2*

*ADJUSTED OFFENSE LEVEL* ......................... *34*

*CROSS REFERENCE (U.S.S.G. § 2D1.1(d)(1))*

*Murder under 18 U.S.C. § 1111 (U.S.S.G. § 2A1.1)* ..... *43*

*ACCEPTANCE OF RESPONSIBILITY* .................... <u>-3</u>

*TOTAL* ........................................... *40*

*CRIMINAL HISTORY* ................................ *I*

*NON BINDING ESTIMATED*
*SENTENCING RANGE* ..................... *292-365 months*
*The statutory mandatory minimum sentence is 10 years (120 months)*

*SUPERVISED RELEASE RANGE* .............. *5 years - Life*

*FINE RANGE* .......................... *$25,000-4 million*

## D.    Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-

sentence report in which it will include a recommended calculation of the

defendant's sentence range under the U.S.S.G.  Both the United States and the

defendant will have the opportunity to argue in support of or in opposition to the

guideline sentence range calculation the U.S.P.O. recommends, as well as present

evidence in support of their respective sentencing arguments.  The parties are free

to recommend to the Court their respective positions on the appropriate sentence

to be imposed in this case based on the stipulated facts set forth in Section II C,

any additional facts established at the imposition of sentence hearing, the

applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing

factors set forth in 18 U.S.C. § 3553.

## IV.    WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A.    Trial Rights

Being aware of the following, the defendant waives these trial rights:

--    If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

--    The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

--    The right to object to the composition of the grand or trial jury;

--    The right to plead not guilty or to persist in that plea if it has already been made;

--    The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

--     The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

--     The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

--     The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf;

--     The right to contest the validity of any searches conducted on the defendant's property or person; and

## B.    Appellate Rights

The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charge set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties– as set forth in section II D above in this

agreement, the defendant waives without exception the right to appeal on all

grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes–

including forfeiture (if applicable) or terms or conditions of probation (if

applicable) or supervised release, and any fines or restitution.

### C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting

conviction(s) and/or sentence – including forfeiture (if applicable) or terms or

conditions of probation (if applicable) or supervised release, and any fines or

restitution – the Court imposes. The only exceptions to this collateral attack

waiver are as follows: 1) any challenge to the conviction or sentence alleging

ineffective assistance of counsel -- based on information not now known to the

defendant and which, in the exercise of reasonable diligence, could not be known

by the defendant at the time the Court imposes sentence; and 2) a challenge to the

voluntariness of the defendant's guilty plea.

## V.    ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of

the defendant's plea and the terms of this agreement, the United States agrees to

dismiss the remaining counts of the indictment as they relate to this defendant

following imposition of the defendant's sentence. Further, the United States

agrees that it will not prosecute the defendant further for any other offense -- now

known -- arising out of the subject of the investigation related to the charges

brought in the indictment and information in this case and the defendant's

admissions set forth in Section II C.  Provided, however, if the defendant's guilty

plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's

sentence is vacated, reversed, set aside, or modified, at any time, in any

proceeding, for any reason, the United States will be free to prosecute the

defendant on all charges arising out of the investigation of this case including any

charges dismissed pursuant to the terms of this agreement, which charges will be

automatically reinstated as well as for perjury and false statements.

## VII.  ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is

appropriate in that it conforms with the sentencing goals that would otherwise be

applicable to the defendant's case if the defendant had gone to trial and had been

convicted on all counts in the charging instrument.

## VIII.    THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, NOPENONE DENNIS SHINE, the defendant, affirm this document

contains all of the agreements made between me– with the assistance of my

attorney– and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be

Nopenone Dennis Shine Plea Agreement
Case No. 3:06-cr-00041-02-RRB

admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorneys is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorneys and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorneys and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorneys have investigated my case and followed up on any information and issues I have raised to my satisfaction.

Nopenone Dennis Shine Plea Agreement
Case No. 3:06-cr-00041-02-RRB

My attorneys have taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Second Superseding Indictment, and Count 1 of the Information.

DATED: _11- 2 - 07_

NOPENONE DENNIS SHINE
Defendant

As counsel for the defendant, we have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, we have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. We know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, we become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, we will immediately inform the court.

DATED: ___8 Nov. 07___

MICHAEL DIENI
Attorney for Nopenone Dennis Shine

DATED: ___November 6, 2007___

KEVIN MCCOY
Attorney for Nopenone Dennis Shine

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: ___11/13/07___        _____
                              FRANK V. RUSSO
                              Assistant U.S. Attorney


DATED: ___11/13/07___        _____
                              THOMAS C. BRADLEY
                              Assistant U.S. Attorney


DATED: ___11/13/07___        _____
                              NELSON P. COHEN
                              United States Attorney